**THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Meredith Blakeslee and Darlene Palazzi,**  Plaintiffs  v.  **Carla Daniele and John Does One, Two, Three, Four, Five, Six, and Seven, As undetermined and as yet unidentified individuals**  Defendants | Case No.:  **COMPLAINT** |

### Introduction

1. This is a civil rights action for money damages against City of Springfield, Massachusetts police officer Carla Daniele in her individual capacity and at least seven other as yet unidentified Springfield police officers for the conduct of an unconstitutional, warrantless strip and body cavity search of the female Plaintiffs on January 15, 2009 at a public place in the City of Springfield, Massachusetts.

2. "Strip and body cavity search" is used in this complaint to refer to the inspection by a law enforcement officer of a person's bare breast, buttocks, or genitals.

### Jurisdiction

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act (MGL.C. 12 § 11I), and in addition asserts common law claims for Assault and Battery, Intentional Infliction of Emotional Distress, and Invasion of Privacy. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

1

4. Named Plaintiff Meredith Blakeslee (hereinafter "Blakeslee") was at all times relevant to this complaint a resident of the Commonwealth of Massachusetts. She was detained by the Defendants on a public street in Springfield, Massachusetts at 5:30 pm on January 15, 2009.

5. Named Plaintiff Darlene Palazzi (hereinafter "Palazzi") was at all times relevant to this complaint a resident of the Commonwealth of Massachusetts. She was detained by the Defendants on a public street in Springfield, Massachusetts at 5:30 pm on January 15, 2009.

6. The Defendant Carla Daniele (hereinafter "Daniele") was and is a resident of the Commonwealth of Massachusetts and was a City of Springfield Police Officer during the time period relevant to this complaint. She is sued in her individual capacity for actions she took under color of law.

7. The specific identities of Defendants John Doe (hereinafter "JD") One, Two, Three, Four, Five, Six, and Seven are as yet undetermined, except to the extent that they were at all times relevant to this complaint, City of Springfield police officers who participated in the unconstitutional, warrantless strip and body cavity search of the Plaintiffs on January 15, 2009. They are sued in their individual capacity for actions they took under color of law.

**Facts**

8. At 5:30 pm on Thursday, January 15, 2009, Plaintiffs Blakeslee and Palazzi were passengers in a car driven by Kyle Bruno (hereinafter "Bruno"), Ms. Blakeslee's fiancée, turning onto Plumtree Road from Mayflower Road, Springfield, Massachusetts. Blakeslee was seated in the front right seat of the car. Palazzi was seated in a rear passenger seat.

2

9. The car was stopped by a Springfield Police Car containing two officers, Carla Daniele (hereinafter "Daniele") and JD One, using its blue flashing lights. That car was joined by three additional police cars containing the remaining Defendants.

10. There were four police cars at the scene with eight officers, seven of whom were male and one female, Daniele.

11. A male officer (JD One) approached Blakeslee's side of the car, opened the car door on her side and pulled her out of the car by her hand.

12. Bruno, the driver of the car, was pulled out the driver's side by JD Two and JD Three, and placed in front of the Plaintiffs' car.

13. Blakeslee was placed by JD One at the curb side rear of the car, and was directed to put her hands on her head.

14. As the male officer (John Doe 1) pulled Blakeslee from the front passenger seat, Daniele using her night stick, tapped on Palazzi's car door window and ordered her to get out of the car with her "hands up".

15. Palazzi had a mouth full of grapes purchased earlier at the market. Daniele ordered Palazzi to roll down the window which she did and Daniele grabbed her by the throat and ordered, "Spit out the drugs."

16. Palazzi spit out the grapes. There were two bags of other groceries in the car.

17. Palazzi was pulled from the car by Daniele and placed standing in the street next to the car.

18. Daniele asked Palazzi if Daniele would find drugs if searched. Palazzi stated "You will not find any drugs."

19. Daniele moved Palazzi to the rear of the car and spread her arms and legs. Palazzi was patted down by Daniele with coat on.

3

20. Blakeslee was moved behind the car.

21. Daniele approached Blakeslee and searched the pockets of Blakeslee's coat. Daniele then asked, "Where is the coke?" to which Blakeslee replied she did not have anything. Daniele directed Blakeslee to stay where she was. Daniele ordered Blakeslee to remove her coat and sweater.

22. Daniele moved to Palazzi and directed her to remove her coat and spread her arms.

23. Daniele directed Palazzi to lift her shirt. As Palazzi began to lift her shirt, Daniele used her hands to lift the shirt about Palazzi's breast and then pulled Palazzi's bra down below her breasts and using her hand, Daniele reached around, on, and under Palazzi's breasts.

24. Daniele then searched Palazzi's pants pockets.

25. Daniele directed Palazzi to undo her jeans. Daniele then inserted her ungloved hand down Palazzi's jeans and groped Palazzi's genital area and inserted a finger in her vagina.

26. Daniele then came back to Blakeslee and told Blakeslee she was going to search her, and started by twisting Blakeslee's right arm up behind her back and demanding to know where the drugs were.

27. While Daniele was attending to Blakeslee and Palazzi, other officers, JD Four and JD Five, used a dog to search the car. No drugs were found.

28. While Daniele body searched Blakeslee and Palazzi, male officers John Doe One, Two, Three, Four, Five, Six, and Seven secured the scene.

29. Daniele body searched Blakeslee and Palazzi in full view and with the assistance and cooperation of male officers John Doe One, Two, Three, Four, Five, Six, and Seven.

30. Daniele's search of Blakeslee, after twisting her right arm, included pulling Blakeslee's

4

     pants down just above the knee, placing her hands in, around, and on Blakeslee's breasts, placing her ungloved hands on Blakeslee's genitals and inserting a finger in her vagina. The ungloved hand search lasted approximately five minutes.

31. Daniele then left Blakeslee behind the car. She later came back to Blakeslee and said to her, "Tell me the truth," and threatened to say things to her employer that would cost Blakeslee her job.

32. Daniele in searching Blakeslee and Palazzi found no contraband or drugs.

33. Numerous members of the public were in the vicinity watching the police search the car, Blakeslee, and Palazzi.

34. No contraband or drugs were found in the car.

35. Blakeslee was not arrested or charged with a crime.

36. Palazzi was not arrested or charged with a crime.

37. Blakeslee suffered emotional distress as a result of the humiliation of the public body and cavity strip search.

38. Palazzi suffered emotional distress as a result of the humiliation of the public body and cavity strip search.

### Count I
### Blakeslee
### 42 U.S.C. § 1983
### By Defendant Police Officers

39. Plaintiff Blakeslee restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

40. By the actions alleged in paragraphs 1 through 38, the Defendants individually and collectively deprived Blakeslee of her right to be free from a warrantless, unreasonable strip and body cavity search in violation of 42 U.S.C. § 1983 and her Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

### Count II
### Palazzi
### 42 U.S.C. § 1983
### By Defendant Police Officers

41. Plaintiff Palazzi restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

42. By the actions alleged in paragraphs 1 through 38, the Defendants individually and collectively deprived Palazzi of her right to be free from a warrantless, unreasonable strip and body cavity search in violation of 42 U.S.C. § 1983 and her Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

### Count III
### Blakeslee
### Violation of Massachusetts Civil Rights Act: MGL. C. 12 I
### By Defendant Police Officers and Carla Daniele

43. Plaintiff Blakeslee restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

44. By the actions alleged in paragraphs 1 through 38, the Defendant Daniele violated Blakeslee's civil rights in violation of MGL. C. 12 § 11I by coercion, intimidation, and violence.

### Count IV
### Palazzi
### Violation of Massachusetts Civil Rights Act: MGL. C. 12 I
### By Defendant Police Officers and Carla Daniele

45. Plaintiff Palazzi restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

46. By the actions alleged in paragraphs 1 through 38, the Defendant Daniele violated Palazzi's civil rights in violation of MGL. C. 12 § 11I by coercion, intimidation, and violence.

### Count V
### Blakeslee
### 42 U.S.C. § 1983
### Substantive Due Process
### By Defendant Police Officers

47. Plaintiff Blakeslee restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

48. The individual and collective actions of the police officers as alleged in paragraphs 1 through 38 above constitute conduct that shocks the conscience and as such denied Blakeslee substantive due process to which she is entitled pursuant to the Fourteenth Amendment to the United States Constitution.

### Count VI
### Palazzi
### 42 U.S.C. § 1983
### Substantive Due Process
### By Defendant Police Officers

49. Plaintiff Palazzi restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

50. The individual and collective actions of the police officers as alleged in paragraphs 1 through 38 above constitute conduct that shocks the conscience and as such denied Palazzi substantive due process to which she is entitled pursuant to the Fourteenth Amendment to the United States Constitution.

### Count VII
### Blakeslee
### Assault and Battery
### By Defendant Carla Daniele

51. Plaintiff Blakeslee restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

52. The actions of Daniele directed against Blakeslee on January 15, 2009 constituted an intentional and unjustified use of force upon the person of Blakeslee.

53. As a result thereof, Blakeslee was injured and suffered pains, anguish, and emotional distress.

### Count VII
### Palazzi
### Assault and Battery
### By Defendant Carla Daniele

54. Plaintiff Palazzi restates the allegations in paragraphs 1 through 38 above and incorporates said paragraphs in this count.

55. The actions of Daniele directed against Palazzi on January 15, 2009 constituted an intentional and unjustified use of force upon the person of Palazzi.

56. As a result thereof, Palazzi was injured and suffered pains, anguish, and emotional distress.

WHEREFORE the Plaintiffs request that this Court:

1. Award compensatory damages to the named Plaintiffs.

2. Award the Plaintiffs the costs of this action to include attorney's fees and

3. Award whatever additional relief the Court deems necessary and appropriate.

### Jury Demand

A jury trial is demanded

Meredith Blakeslee
By her attorney

1/4/2012                    /s/ John J Green
Date                        John J. Green (BBO: 209020)
                            Green, Miles, Lipton & Fitz-Gibbon, LLP
                            77 Pleasant Street; P.O. Box 210
                            Northampton, MA 01061
                            Telephone (413) 586-8218
                            Fax (413) 584-6278
                            jgreen@greenmiles.com

1/4/12
Date

Darlene Palazzi
By her attorney

*/s/ David C. Kuzmeski*

David C. Kuzmeski (BBO: 551128)
78 College Street
P.O. Box 90006
Springfield, MA 01139
Telephone: (413) 527-7900
Fax: (413) 747-3821
davidkuz@msn.com